IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Devon Dickey,<br><br>  Plaintiff,<br><br>v.<br><br>Warden Cohen, Nurse NFN Wite, Ofc. NFN Harris, Dr. Lemon, Dr. Roberts, NFN Grimes, NFN Simmons, Lt. James Walker, Lt. Bryant, and Sgt. Devin Williams,<br><br>  Defendants, | Case No.: 9:19-cv-2450-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the July 24, 2020 Report and Recommendation of United States Magistrate Judge Molly H. Cherry (the "Report") made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, ECF No. 66, the Magistrate Judge recommended that the Defendants' Motion to Dismiss, ECF No. 61, be denied. All Defendants joined in a timely objection to the Report. [ECF No. 70]. The time for Plaintiff to reply to the objection has passed. [ECF No. 70] (docket text). Accordingly, the Report is ripe for review.

## BACKGROUND

Plaintiff, who is proceeding *pro se*, is an inmate with the South Carolina Department of Corrections (SCDC). He brings this civil rights action pursuant to 42 U.S.C. § 1983. The Report sets forth in detail the relevant facts, standards of law, and procedural history of Plaintiff's prior lawsuits in this matter. [ECF No. 66]. This Court incorporates those facts and standards without a recitation.

1

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendants specifically object to the finding that *res judicata* does not bar this claim because the prior ruling was not "on the merits."[1] The Court will conduct a *de novo* review of this portion of the Report. Defendants argue that the ruling in Plaintiff's 2017 case granting Defendants' motion for summary judgment is a final judgment on the merits. [ECF No. 70 p.3]. In that case, the United States District Court for the District of South Carolina granted Defendants' motion for summary judgment because the Plaintiff failed to properly exhaust his administrative remedies. *Dickey v. SCDC*, No. 9:17-CV-02194-DCC, 2019 WL 591154, at *2 (D.S.C. Feb. 13,

---

[1] Defendants also object to the Report's failure to address their motion to restrain "Plaintiff from filing additional motions and propounding discovery prior to this motion being heard based upon the prior dismissal of Plaintiff's identical allegations." [ECF No. 70 p.3]. Since this Order will address the *res judicata* issue, that part of the motion is moot upon the filing of this Order.

2019), *aff'd*, 767 F. App'x 578 (4th Cir. 2019). The question before the Court is whether a ruling granting summary judgment based on Plaintiff's failure to properly exhaust his administrative remedies is a judgment on the merits for *res judicata* purposes.

### I.     The prior ruling granting summary judgment for the defendants was not a ruling "on the merits"

A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998). Preclusion can only rest on a final judgment that is valid, final, and on the merits. § 4435 "On the Merits"—General Principles, 18A Fed. Prac. & Proc. Juris. § 4435 (3d ed.). Dismissals based on a requirement of prior resort to an administrative remedy do not operate as an adjudication on the merits. § 4436 "On the Merits"—Lack or Refusal to Exercise Jurisdiction, 18A Fed. Prac. & Proc. Juris. § 4436 (3d ed.) ("Civil Rule 41(b) provides that a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication on the merits. . . . Similar effects attend dismissals that rest on . . . a requirement of prior resort to an administrative agency.")

Here, the District Judge granted summary judgment for the Defendants in the 2017 action based on the Plaintiff's failure to exhaust his administrative remedies. 2019 WL 591154, at *2. That disposition operates as a dismissal based on a requirement of prior resort to administrative remedy. Therefore, the prior judgment does not operate as an adjudication on the merits of Plaintiff's substantive section 1983 claim. Further, the prior judgment does not preclude a renewed claim that Plaintiff exhausted his administrative remedies. The prior judgment remains effective only to preclude relitigating the precise issue that led to dismissal. § 4436 "On the Merits"—Lack or Refusal to Exercise Jurisdiction, 18A Fed. Prac. & Proc. Juris. § 4436 (3d ed.). Since Plaintiff now alleges that he took steps to appeal the administrative decision on his claim, he is not in an

identical procedural posture to his 2017 suit. Therefore, he is not relitigating the precise issue that led to dismissal. Accordingly, the summary judgment ruling in the 2017 action does not operate as a final judgment on the merits for purposes of this action. The doctrine of *res judicata* does not bar this claim.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After *de novo* review of the part of the Report to which Defendants specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 66, in its entirety. Accordingly, Defendants' Motion to Dismiss, ECF No. 61, is **DENIED**.

IT IS SO ORDERED.

November 16, 2020
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge